GOODMAN v. BAUMANN et al.

(Supreme Court, Appellate Term. January 25, 1904.)

1. MUNICIPAL COURT—JURISDICTION—STATUTE—CONSTRUCTION.
    Under the Municipal Court Practice Act, Laws 1902, p. 1533, c. 580, § 139, providing that no action arising on a chattel mortgage shall be maintained therein, the court is not deprived of jurisdiction of an action for damages for conversion of certain household goods, where plaintiff bought them of defendant and gave a chattel mortgage thereon to secure the purchase price, and afterwards, finding herself unable to make payments as provided therein, by agreement with defendant, delivered them to defendant to be held for her until she could make payment of the unpaid purchase price.

2. CHATTELS—CONVERSION BY BAILEE—VALUE—EVIDENCE—ADMISSIBILITY.
    Defendant sold goods to plaintiff, taking a chattel mortgage thereon to secure the payment of the purchase price. The goods were afterwards delivered to the defendant under an agreement to hold them as bailee for the plaintiff until payment of the balance due. While so holding the

goods, defendant through some mistake disposed of them, and was unable to deliver them to plaintiff when she demanded them. *Held* that, the identity of the goods being lost, their price as agreed on between the parties as the cost price was competent evidence of their value.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Mary Goodman against Samuel Baumann and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

George Hahn, for appellants.

David C. Myers (Maurice Goodman, of counsel), for respondent.

DAVIS, J.  This action was brought to recover $56.50 as damages for the conversion of certain household furniture. On December 10, 1901, the plaintiff purchased from the defendants certain household furniture at the agreed price of $80, and at the time of the purchase executed a chattel mortgage to the defendants upon this property for the purchase price, agreeing to pay $8 on the signing of the mortgage, and $1.50 each week thereafter until the whole sum was paid. The mortgage provided, among other things, "that in case default shall be made in the payment of the sum aforesaid, or any part thereof, the whole amount expressed in the mortgage shall become due and payable at once without demand." On December 17, 1901, plaintiff purchased from defendants other household furniture at the agreed price of $28.28, and executed another chattel mortgage to defendants upon these latter goods for the purchase price, agreeing to pay $1 at the signing of such mortgage, and $27 thereafter on demand. The goods were delivered, and plaintiff had paid, up to about May, 1903, the sum of $56.50 under said mortgages. Since May, 1903, no payments have been made. In June, 1903, plaintiff, being then in default in her payments, went to defendants and asked them to receive and keep the furniture for her until such time as she could get it, stating at the time that her husband was out of work, and just as soon as he got a position she would take back the furniture. The defendants agreed to do this, and thereafter came and took possession of the furniture. About October, 1903, the plaintiff called on defendants and requested the redelivery of her furniture. She was informed by defendants that through some mistake it had been disposed of. The plaintiff has never received the furniture, and seeks to recover, as damages for the failure of defendants to return it, an amount equal to what she had paid them under the chattel mortgage. The only witness in the case was the plaintiff, the defendants offering no evidence.

The claim that the court had no jurisdiction is not well founded. This is not an action arising out of a chattel mortgage, but one arising out of a contract of bailment between plaintiff and defendant, by which defendant agreed to receive and keep the goods until plaintiff called for them. Section 139 of the Municipal Court Practice Act (Laws 1902, p. 1533, c. 580), therefore, has no application here. The agreement to take and keep the goods for plaintiff, and the actual taking

thereof by defendants, and the uncontradicted testimony that they disposed of them by mistake, show that it was the intention of defendants to waive any default of plaintiff under the mortgages. Defendants accepted the goods as bailees, and were under a duty to return them to her as agreed. On demand she was entitled to the possession.

Under the special circumstances of this case, the price agreed upon between the parties as the cost price was evidence of their value. The identity of the goods was lost, and their value could be proved in no other way. Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032; Latimer v. Burrows, 163 N. Y. 7, 9, 57 N. E. 95.

Judgment affirmed, with costs. All concur.